**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JOANNE EDWARDS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> : CASE NO.: 1:13-CV-111 (WLS) <br> STATE BOARD OF WORKERS' : <br> COMPENSATION, ALBANY AREA : <br> COMMUNITY SERVICE BOARD, : <br> ATTORNEY JUDY VARNELL, HENRY : <br> EUGENIO, DR. ANDREW CORDISTA, : <br> DR. CRAIG FREDERICKS, WENDY : <br> SIMPSON, TAMMY RINGO, OFFICER : <br> CHARLES MCCORMICK, : <br> : <br> Defendants. : <br> : | |

## **ORDER**

On August 1, 2013, the Court entered an Order dismissing Plaintiff's Complaint (Docs. 1, 8) against all Defendants pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 9.) The Court's order omitted reference to Plaintiff's claim against the State Board of Workers' Compensation (the "Board"). (*See generally* Doc. 9.) In its July 9, 2013 Show Cause Order, however, the Court informed Plaintiff that the Board is not a "person" for the purpose of 42 U.S.C. § 1983. (Doc. 6 at 2). Plaintiff's response to the Court's Show Cause Order did not address the Board's capacity for suit under section 1983. (*See* Doc. 7.) Nevertheless, as stated previously, the State Board of Workers' Compensation is not a "person" for the purpose of section 1983. *McCall v. Dept. of Human Resources*, 176 F. Supp. 2d 1355, 1363 (M.D. Ga. 2001) ([S]tates, state agencies, and state officials acting in their official capacities cannot be sued under § 1983.") (citing *Will v. Michigan Dept.*

1

*of State Police*, 491 U.S. 58, 71 (1989))). Moreover, Plaintiff has not alleged that the State of Georgia or the Board has waived its sovereign immunity, nor is there any evidence of such a waiver. Thus, in the absence of an allegation that the Board is not considered an "arm of the state," the Eleventh Amendment also bars Plaintiff from bringing suit against the Board in federal court under section 1983. *See Taylor v. Dept. of Public Safety*, 142 F. App'x 373, 374 (11th Cir. 2005) (affirming district court's dismissal of 42 U.S.C. § 1983 action on the grounds that "this case was brought against state agencies, which are not "persons" for purposes of § 1983 and which enjoy the same Eleventh Amendment immunity as does the State of Georgia").

As for Plaintiff's conspiracy claim under 42 U.S.C. § 1985, as the Court noted in its order dismissing Plaintiff's Complaint (Doc. 9), to properly plead a section 1985 claim, a plaintiff must allege some racial or class-based animus underlying the alleged conspirators' action. (*See* Doc. 9) (citing *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992) (citing *United Brotherhood of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). Here, Plaintiff has made no such allegations. (*See generally* Docs. 1, 8.) Even if Plaintiff offered a properly pleaded claim under section 1985, the Eleventh Amendment also applies to suits brought pursuant to section 1985.[1] *See Fincher v. State of Fla. Dept. of Labor & Employment Sec. Unemployment Appeals Com'n*, 798 F.2d 1371, 1372 (11th Cir. 1986). Accordingly, Plaintiff's Complaint is **DISMISSED** as against the State Board of

---

[1] Case law also supports the proposition that the Board is not a "person" under 42 U.S.C. § 1985. *See Hayden v. Ala. Dep't of Public Safety*, 506 F. Supp. 2d 944, 949 (M.D. Ala. 2007) (concluding that the term "person" under section 1985 has the same meaning as the term "person" under section 1983 and collecting cases). Because, however, the Court is deciding Plaintiff's section 1985 claim on failure-to-plead animus grounds and the Eleventh Amendment, the Court need not decide whether the term "person," as set forth in section 1985, is intended to exclude state agencies from its definition.

Workers' Compensation.  The Judgment entered by the Clerk of Court on August 1, 2013, still stands.

    **SO ORDERED**, this    2nd day of August, 2013.

                                      /s/     W. Louis Sands
                                      **THE HONORABLE W. LOUIS SANDS,**
                                      **UNITED STATES DISTRICT COURT**